UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

SIMRANDEEP,                                    )
                                               )
      Petitioner,                            )          Civil Action No. 4:26-CV-00398-CHB
                                               )
v.                                             )
                                               )          **ORDER DISMISSING CASE**
JASON WOOSLEY, *et al.*,                        )
                                               )
      Respondents.                           )
                                               )

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the "Writ of Habeas Corpus" filed by Petitioner, which the Court construes as a Petition for Writ of Habeas Corpus. [R. 1]. The respondents filed a response, [R. 7], and Petitioner replied. [R. 8]. The parties agree that Petitioner is detained under 8 U.S.C. § 1226 and the Sixth Circuit's recent decision in *Lopez-Campos v. Raycraft*, 175 F. 4th 713 (6th Cir. May 11, 2026), and they further agree that she received a bond hearing and was denied bond. *See* [R. 1, p. 4]; [R. 7, pp. 1–2]. Petitioner states that she does not seek review of that bond determination. [R. 8, p. 2]. Rather, Petitioner "is seeking relief from this Court based on the Respondents violation of her Fifth Amendment due process rights and the Respondents' impossibility to provide a hearing to the Petitioner that properly adjust to Fifth Amendment standards." *Id.* Specifically, while Petitioner does not allege any specific facts as to why the immigration judge who conducted the bond hearing lacked neutrality, she broadly challenges the neutrality of all immigration judges on an institutional basis. *See* [R. 1, pp. 5–11].

District courts that have confronted this issue have routinely rejected broad allegations attacking the institutional neutrality of immigration judges without a specific showing of bias of the individual immigration judge at issue. *See, e.g.*, *Zhakuov v. Noem*, No. 3:26-CV-00288-RBM-

- 1 -

DDL, 2026 WL 517981, at *4 (S.D. Cal. Feb. 25, 2026); *Sakwe v. Casey*, No. 26-CV-02159-BAS-MMP, 2026 WL 1179870, at *1 (S.D. Cal. Apr. 30, 2026); *Gutierrez-Valtierra v. Bondi*, No. 26-CV-01343-BAS-VET, 2026 WL 810066, at *1 (S.D. Cal. Mar. 24, 2026); *Aguilar Gonzalez v. Maples*, No. 4:26-CV-00022-TWP-KMB, 2026 WL 1073846, at *5 (S.D. Ind. Apr. 20, 2026) (examining exhaustion factors, the court stated that "[c]ertainly, the Court must be concerned about allegations of biased institutions. . . . but the Court finds that institutional bias cannot be wholesale assumed"); *Salazar v. Noem*, No. 4:26-CV-3045, 2026 WL 458304, at *5 (D. Neb. Feb. 18, 2026) ("The Court cannot assume, based on the bureaucratic structure of the immigration courts, that they're inherently biased. And the petitioner has pointed to nothing about the bond hearing in this case . . . suggesting that the immigration judge's decision wasn't made on the merits." (citation omitted)).

As noted, Petitioner does not allege any specific facts demonstrating that the immigration judge who conducted her bond hearing was biased or lacked neutrality. And the Court finds that there is insufficient evidence on this record to find that all immigration judges lack the requisite neutrality to comport with due process. On the contrary, immigration judges in other cases before this Court have previously granted bond. *See, e.g.*, *Montes De Oca v. Maglinger*, 4:26-CV-00282, at [R. 15] (W.D. Ky. May 20, 2026); *Lucero v. Lewis*, 4:26-CV-00306, at [R. 19] (W.D. Ky. May 20, 2026). Without any specific evidence showing a lack of neutrality of the immigration judge who conducted Petitioner's bond hearing, Petitioner has not demonstrated entitlement to anything more than the bond hearing of which Petitioner received. Further Petitioner has pointed to no circumstances or evidence during the bond hearing that reflects bias, and the Court's review of the immigration judge's order following the bond proceeding likewise reveals no issues of bias or a lack of neutrality. The Court therefore concludes that Petitioner has been provided the process due

under the Immigration Nationality Act and the Fifth Amendment's Due Process Clause. To the extent Petitioner disagrees with the Immigration Judge's discretionary bond decision, the Court lacks jurisdiction to consider that issue under 8 U.S.C. § 1226(e). *See Nielsen v. Preap*, 586 U.S. 392, 401 (2019).

Accordingly, the Court being sufficiently advised, it is **HEREBY ORDERED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus, [**R. 1**], is **DENIED**.

2. This matter is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.

3. A separate judgment shall be entered.

This the 10th day of July, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY